# CIRCUIT COURT OF BALTIMORE CITY

Filed April 2, 1890.

## HAHN
VS.
LANDSTREET.

*Gordon & Sams* for plaintiff.

*Downs & Dawkins* and *F. C. Slingluff* for defendant.

DENNIS, J.—

I am of the opinion that the executor, Landstreet, had the right to come into the Court of equity to administer the trusts imposed on him under the will of Towner. In Keplinger vs. McCubbin, 58 Md. 212, when the administrator went into equity, instead of administering the trusts under the direction of the Orphans' Court, the Court of Appeals said: "He has, as such administrator and also in his own right as devisee under the will filed an original bill, to which all parties in interest are, or *can be*, made parties. In this bill he prays, for reasons therein stated, that he may be allowed to administer the estate, and to execute the powers of sale under the protection and direction of a Court of equity. We entertain no doubt as to the jurisdiction in equity under such a bill. In the case of Eichelberger vs. Hawthorne, 33 Md. 588, the executors were empowered to sell the testator's real estate after the death of his wife, to whom he gave a life estate therein, and acting under the jurisdiction given to the Orphans' Court, they made the sale and reported the same to that Court for ratification; but it was held by this Court that they could, if they had chosen, have invoked the aid of a Court of equity and administered the trusts under its supervisory power."

Under this statement of the law upon the subject, Landstreet was authorized to come into this Court for the administration of the duties and trusts imposed upon him by the will; and while the present plaintiffs may not be bound by the decree, because not parties to the suit; yet, as in the language of the Court of Appeals in the case above quoted, they "can be made" parties, they must adopt that course and prosecute in that proceeding whatever rights they may have. It is conceded that the loss of the trust estate occurred *after* the decree assuming its administration in this Court, and for such loss, if it occurred by the trustee's default, there is a remedy against him on proper proceedings by the substituted trustee. But if, as executor, he had the right in the first instance to come into this Court for the administration of his trust the present plaintiffs cannot, as they seek to do, have the whole proceedings set aside as null and void. They must make themselves parties to the suit and seek their rights by proper proceedings through the substituted trustee. I am, moreover, of the opinion that whatever contingent rights the plaintiffs may have, they have no present interest in the income of the estate, under the clause of the will, which devises to their mother one-fourth of the net income, "to be used for herself and children (if any during her lifetime), and thereafter the said children." The words "to be used for herself and the said children," following the absolute devise to the mother, are not to be construed as creating a trust in favor of the children, but simply as an expression of the testator's motive for the gift. The case of In re Robertson's Trust, 6 W. R. 405, seems to be conclusive on this point. See also 33 L. R. U. S. 221; 44 L. T. U. S. 202; 14 L. R. 49.